UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON BRADLEY, SR.,

      Plaintiff,

      v.                                  Case No. 20-C-563

KEVIN KALLAS, et al.,

      Defendants.

## SCREENING ORDER

Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On April 14, 2020, the court waived the initial partial filing fee and directed Plaintiff that he must voluntarily dismiss the action within 21 days. Plaintiff has since indicated that he wishes to proceed with this action and the time to voluntarily dismiss this action has passed. Therefore, the court will grant Plaintiff's motion for leave to proceed without prepayment of the filing fee. Plaintiff filed a motion to file an amended complaint on April 13, 2020. Rule 15 provides that a plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15. Accordingly, the court will grant Plaintiff's motion for leave to amend and will screen the amended complaint.

## SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, it rambles on for six pages, listing Plaintiff's disputes with eight different correctional and medical staff members occurring over a two-year period of time. The allegations are unclear as to who did what, when and what happened as a result. Where multiple claims are asserted, a complaint is required to list each claim separately and set forth thereunder, preferably in numbered paragraphs, the allegations of fact necessary to provide notice to each defendant of what he or she did to, or did not do for, Plaintiff, including any injuries that resulted, that potentially gives rise to personal liability on the part of a defendant and warrants requiring that he or she respond to a federal lawsuit. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (noting that plaintiffs "must give enough detail to illuminate the nature of the claim and allow defendants to respond").

In addition, it appears Plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *Id.* at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join,

3

Case 1:20-cv-00563-WCG   Filed 05/05/20   Page 3 of 8   Document 15

as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The court finds that the complaint fails to comply with Rule 8(a)(2) and violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants. The *George* court instructed that such "buckshot complaints" should be "rejected." 507 F.3d at 607. Therefore, the court will dismiss the amended complaint. If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the amended complaint as described herein. An amended complaint must be filed on or before **June 4, 2020**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

4

If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, Plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff has filed a motion for a preliminary injunction and temporary restraining order. Plaintiff requests that the court enjoin the defendants from housing Plaintiff in DOC custody. As an initial matter, Plaintiff's motion is premature as Plaintiff has not been permitted to proceed on any claims against the named defendants. Plaintiff's motion also fails on the merits. As the United Supreme Court has recognized, "[a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (citations omitted). Accordingly, before the court will grant the requested relief, a plaintiff must show that (1) he has "a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) [he] will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the [defendants] will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Goodman v. Ill. Dep't of Fin. & Professional Regulation*, 430 F.3d 432, 437 (7th

5

Cir. 2005). Because Plaintiff is incarcerated, the court's power to grant preliminary injunctive relief is further limited by the Prison Litigation Reform Act (PLRA). Specifically, 18 U.S.C. § 3626(a)(2) requires that any preliminary relief the court grants "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." Plaintiff has not presented evidence or argument establishing the need for preliminary injunctive relief. Accordingly, Plaintiff's motion for a preliminary injunction and temporary restraining order is denied.

### MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion to appoint counsel. Civil litigants do not have a constitutional or statutory right to have an attorney represent them. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). Yet, district courts have the discretion to recruit attorneys to represent indigent litigants in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, civil litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Once this threshold burden has been met, the court must address the following question: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

Here, Plaintiff has not demonstrated that he made reasonable efforts to secure private counsel on his own. Although Plaintiff may have attempted to recruit counsel in his prior cases, he has not shown that he made a reasonable attempt to recruit counsel in this case. The court must deny "out of hand" a request for counsel made without a showing that Plaintiff made a reasonable attempt to secure private counsel. *See Farmer*, 990 F.3d at 321. Accordingly, Plaintiff's motion to appoint counsel is denied. If Plaintiff chooses to renew his request for the appointment of

6

counsel, he must show that he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when Plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (Dkt. No. 9) is **GRANTED**. The Clerk is directed to detach and e-file the amended complaint (Dkt. No. 9-1).

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that on or before **June 4, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction and temporary restraining order (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 5th day of May, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court