UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON D. BRADLEY, SR.,

        Plaintiff,

        v.                         Case No. 20-C-563

KEVIN KALLAS, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Brandon Bradley, Sr., who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's amended complaint for failing to comply with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure and directed Plaintiff to file an amended complaint curing the defects in the original. On May 26, 2020, Plaintiff filed a second amended complaint. The court will now screen that complaint pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, in May 2018, he actively began trying to identify as female under 500.70.27 and wanted all of the accommodations associated with that policy, including magic shave, a privacy curtain, a bra and panties, a single cell, and hormone therapy. Plaintiff alleges that Dr. Miller tried to pull him out to talk about the transition. In late May, Plaintiff overdosed and went on observation. He informed Dr. Deblanc that he was transgender and did not want to be placed in a kilt. Plaintiff asserts that he was physically assaulted by Sgt. Beahm in June. Plaintiff told Dr. Mclaren, Dr. Engstrom, Dr. Gruber, and Dr. Miller about the attack, and Plaintiff claims they altered the PSU reports to match Beahm's version of events.

2

In late June, Dr. Miller told Plaintiff she would not identify Plaintiff as a woman. From late June to August 8, 2018, Dr. Miller made clear that she was not happy about the GD identification meetings. Plaintiff claims that, "for a brief moment," he received a shower curtain and magic shave. Dkt. No. 22 at 5. Sgt. Beahm told Plaintiff that Captain Westra knew about Plaintiff's identification and would fix it. Dr. Miller caught Plaintiff on his way to the showers and said, "Dr. Kallas said you won't be receiving any accommodations." *Id.* Plaintiff wrote to Dr. Van Buren and told her he could not work with Dr. Miller anymore and that he wanted a new clinician. Dr. Van Buren refused to change Plaintiff's clinician, even though she knew they could not work together. Plaintiff claims Dr. Miller, Dr. Van Buren, and Dr. Kallas did not allow Plaintiff to begin hormones, get magic shave, receive a single cell, or have other accommodations associated with identifying as a woman. Sgt. Beahm told Plaintiff he would never allow Plaintiff to identify as a woman and that Plaintiff would be treated like everyone else. Plaintiff claims Dufrane altered his PRC papers which put him in danger and led to a sexual assault.

## THE COURT'S ANALYSIS

Plaintiff has named Kevin Kallas, Torria Van Buren, Dr. Miller, Dr. Deblanc, Dr. Mclaren, Ms. Dufrane, Dr. Engstrom, Dr. Gruber, Sgt. Beahm, and Captain Westra as defendants in this case. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Based on the court's reading of the amended complaint, it appears Plaintiff is again attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of

Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. In this case, Plaintiff alleges that the defendants violated his rights in unrelated ways. But rather than dismiss the pleading with instructions to amend it, the court will allow Plaintiff to proceed on his related claims and dismiss the unrelated claims without prejudice, as explained in more detail below.

Plaintiff asserts Kallas, Van Buren, Miller, Deblanc, Mclaren, Engstrom, Gruber, Beahm, and Westra were deliberately indifferent to Plaintiff's serious medical needs by not allowing him to identify as a woman under 500.70.27. The Supreme Court in *Estelle v. Gamble* held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and unwanton infliction of pain proscribed by the Eighth Amendment. 429 U.S. 97, 104 (1976). To state a deliberate indifference claim, an inmate must establish "(1) an objectively serious medical

4

condition; and (2) an official's deliberate indifference to that condition." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations omitted). What constitutes a sufficiently "serious medical condition" under the first prong is "far from self-defining." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "It is clear that the Supreme Court contemplated that medical conditions far less critical than 'life-threatening' would be encompassed by the term." *Id.* Seventh Circuit cases demonstrate a broad range of medical conditions that "may be sufficient to meet the objective prong of a deliberate indifference claim." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). As to the second prong of the deliberate indifference standard, the official must have acted out of "deliberate indifference" to the inmate's health or safety. *Id.* Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994). Thus, subjective knowledge of the risk is required. *Id.* at 838.

Plaintiff asserts that Kallas, Van Buren, Miller, and Deblanc denied his hormone therapy as well as other accommodations and medical treatment. At this stage in the proceedings, the court concludes that Plaintiff has stated a deliberate indifference claim against Kallas, Van Buren, Miller, and Deblanc. *See Mitchell v. Kallas*, 895 F.3d 492 (7th Cir. 2018); *Fields v. Smith*, 653 F.3d 550, 554–55 (7th Cir. 2011). But because the amended complaint does not contain any allegations that Mclaren, Engstrom, Gruber, Sgt. Beahm, and Captain Westra were deliberately indifferent to Plaintiff's medical needs, Plaintiff may not proceed on this claim against them.

Plaintiff claims that Kallas, Van Buren, Miller, Deblanc, Mclaren, Engstrom, Gruber, Beahm, and Westra violated his First Amendment right to freely identify under 500.70.27. Because Plaintiff does not identify a particular right guaranteed by the First Amendment, he cannot proceed on a First Amendment claim against these defendants.

5

Plaintiff asserts that Kallas, Van Buren, Miller, Deblanc, Mclaren, Engstrom, Gruber, Beahm, and Westra violated his right to equal protection under the Fourteenth Amendment. To state a claim of discrimination under the Equal Protection Clause, the plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citation omitted). Setting aside the issue of whether Plaintiff is a member of a protected class, Plaintiff has failed to identify any ways in which the defendants intentionally treated him differently than cisgender male inmates. Accordingly, Plaintiff has failed to state an equal protection claim.

Plaintiff claims Gruber, Miller, Mclaren, Van Buren, and Deblanc failed to protect Plaintiff by placing him in a kilt and then covering up his sexual assault by altering documents. Prison officials have a duty to protect inmates from violence when they are aware that the inmate faced a "substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Plaintiff does not allege any facts to suggest that the defendants were aware of any substantial risk of serious harm to Plaintiff or of any specific threat to Plaintiff's safety before the assault. Because Plaintiff's amended complaint does not contain any allegations that these defendants were aware of a specific or impending threat to Plaintiff's safety, his failure to protect claim must be dismissed. In addition, although Plaintiff alleges that these defendants altered documents to cover up the sexual assault, Plaintiff does not identify what documents were altered. Plaintiff's bare allegations that his rights were violated

when the defendants altered certain documents are not sufficient to state a claim.  Accordingly, Plaintiff cannot proceed on this claim against these defendants.

Plaintiff asserts generally that the defendants violated the Prison Rape Elimination Act (PREA) by engaging in retaliation after Plaintiff made PREA complaints.  Although the purpose of the PREA is to reduce the occurrence of rape and sexual abuse in prisons, nothing in the language of the Act suggests that it was intended to create a private right of action.  *See Rivera v. Drake*, No. 09-CV-1182, 2010 WL 1172602, at *3 (E.D. Wis. Mar. 23, 2010).  Accordingly, Plaintiff's assertion that he suffered a PREA violation does not state a claim.  To state a claim of First Amendment retaliation, a plaintiff must allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) a causal connection between the two.  *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010).  Plaintiff has only offered conclusory allegations that the defendants retaliated against him and has not alleged what each defendant did to Plaintiff that constitutes retaliation after Plaintiff made PREA complaints.  Therefore, Plaintiff has failed to state a retaliation claim.

Plaintiff asserts medical malpractice and negligence claims against Dr. Kallas.  The court declines to exercise supplemental jurisdiction over these state law claims.  *See* 28 U.S.C. § 1367.  Although relief in federal court is foreclosed to Plaintiff on these state law claims, Plaintiff may pursue these claims in state court.

Plaintiff alleges that other individuals violated his constitutional rights.  The court will not allow Plaintiff to proceed with these unrelated claims against different defendants in a single action.  *See George*, 507 F.3d at 609.  These claims will therefore be dismissed without prejudice.  Plaintiff may pursue these claims in separately filed actions consistent with *George v. Smith*, 507

7

F.3d 605 (7th Cir. 2007), and Federal Rules of Civil Procedure 18(a) and 20. In short, Plaintiff may proceed on deliberate indifference claims against Kallas, Van Buren, Miller, and Deblanc.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for joinder and motion to file an amended complaint (Dkt. Nos. 17, 19, 22) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Mclaren, Engstrom, Gruber, Beahm, Dufrane, and Westra are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk

8

Case 1:20-cv-00563-WCG   Filed 05/27/20   Page 8 of 9   Document 24

United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 27th day of May, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

9

Case 1:20-cv-00563-WCG   Filed 05/27/20   Page 9 of 9   Document 24